UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY WAYNE CURTIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0815** |
| **NABORS OFFSHORE CORPORATION, ET AL.** | **SECTION B(1)** |

### ORDER AND REASONS

Before the Court is Defendant Newfield Exploration Company's Motion For Summary Judgment (Rec. Doc. No. 57).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

### *BACKGROUND*

Plaintiff allegedly sustained injuries on March 26, 2004 when he was transferred in a personnel basket by a crane from a fixed platform to a vessel.  Plaintiff was a contract mud engineer working for Miller and Associates Drilling Fluids Consultants, Inc. ("Miller").  Newfield hired Miller to provide a mud engineer for services on a Newfield platform located in High Island Block 531. Plaintiff completed his hitch as a mud engineer on March 26, 2004 and was transferred from the platform to M/V Navigator Tide. Plaintiff claims the crane cable jumped itself causing the personnel basket to fall and jar and, as a result, Plaintiff sustained lower back injuries.

Plaintiff filed suit against Newfield for negligence and

premises liability.  Plaintiff contends maritime law is applicable. Whereas, Newfield contends Texas law is applicable.  Newfield further contends Plaintiff has no evidence that the crane posed an unreasonable risk of harm and Newfield is not liable for the negligence of independent contractors, Kenwood Maeker and Gwen Thompson.  Therefore, Newfield moves the Court to dismiss Plaintiff's claims on summary judgment.

### *DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).

The Court finds a genuine issue of material fact exists as to whether the crane was unreasonably dangerous or posed an unreasonable risk of harm.

Further, the Court finds genuine issues of material fact exist as to the location of the platform and the location of the alleged incident.  The platform was located on the Outer Continental Shelf. However, Plaintiff represents that the platform was located off of the coast of Louisiana and/or Texas and Newfield represents that the platform was located off of the coast of Texas.  Furthermore,

Plaintiff asserts the incident occurred over open water and Newfield asserts the injury occurred over the platform. Therefore, the request to determine the applicable law is premature. Consequently, the request to determine whether Newfield is liable for the negligent acts of its independent contractors is premature. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 23rd day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE