UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JIMMY WAYNE CURTIS | CIVIL ACTION |
| VERSUS | NO. 05-0815 |
| NABORS OFFSHORE CORPORATION, ET AL. | SECTION B(1) |

ORDER AND REASONS

Before the Court is Defendant Newfield Exploration Company's Motion For Summary Judgment (Rec. Doc. No. 55). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

*BACKGROUND*

Plaintiff allegedly sustained injuries on March 26, 2004 when he was transferred in a personnel basket by a crane from a fixed platform to a vessel. Plaintiff was a contract mud engineer working for Miller and Associates Drilling Fluids Consultants, Inc. ("Miller").

Newfield contracted with Miller to provide a mud engineer for services on a Newfield platform located in High Island Block 531. The Master Work or Service Contract ("Contract") between Newfield and Miller required Miller to obtain several insurance policies including worker's compensation insurance. Furthermore, the Contract required that all insurance policies include a waiver of subrogation against Newfield and its insurers.

1

Plaintiff filed suit against Newfield for negligence and premises liability.  Miller's worker's compensation carrier, Commerce Industry Insurance Company ("Commerce"), filed an intervention seeking reimbursement from Newfield on payments made to Plaintiff.  Newfield contends Commerce was required to waive subrogation, therefore, Commerce's intervention claim must fail as a matter of law.  Whereas, Commerce contends the waiver of subrogation requirement in the Contract is unenforceable.

### *DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).

The Court finds there is no genuine issue as to any material fact.  However, Newfield is not entitled to judgment as a matter of law.

Texas law governs the contractual relationship between Miller and Newfield.  Under the Texas Oilfield Anti-Indemnity Act ("TOAIA"), "certain agreements between operators and drillers providing for indemnification of a negligent indemnitee are against public policy."  *Ranger Insurance Co. v. American International Specialty Lines  Insurance Co.*, 78 S.W.3d 659, 661 (Tex. App. Houston [1 Dist.], 2002). An agreement contained in or collateral

to an agreement pertaining to a well for oil, gas, or water is void if it purports to indemnify a person against loss or liability arising from personal injury, *inter alia*. Tex. Civ. Prac. & Rem. Code Ann. § 127.003 (2006). However, the TOAIA does not apply when the contracting parties agree in writing that the indemnity obligation will be supported by liability insurance coverage and the mutual indemnity obligations are limited to the extent of coverage each party has agreed to obtain. Tex. Civ. Prac. & Rem. Code Ann. § 127.005 (2006).

Here, the Contract between Miller and Newfield pertains to services in connection with the exploration and development of an oil well. The Contract contains a mutual indemnity obligation. However, the Contract does not contain a written agreement that the indemnity obligation will be supported by liability insurance. Furthermore, the obligation to procure insurance was unilaterally borne by Miller. The Contract is violative of the TOAIA. Therefore, the insurance and waiver of subrogation provisions collateral to the agreement are void and unenforceable. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 27th day of November, 2006.

UNITED STATES DISTRICT COURT

3